IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| **CITIZENS FOR RESPONSIBILITY AND ETHICS IN WASHINGTON,** 455 Massachusetts Ave., N.W. Washington, D.C. 20001<br><br>  Plaintiff,<br><br>  v.<br><br>**DEPARTMENT OF THE INTERIOR,** 1849 C Street, N.W. Washington, D.C. 20240<br><br>  Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) Civil Action No.<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## COMPLAINT FOR INJUNCTIVE AND DECLARATORY RELIEF

1. This is an action under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, and the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202, for injunctive, declaratory, and other appropriate relief. Plaintiff Citizens for Responsibility and Ethics in Washington ("CREW") challenges the failure of the Department of the Interior ("Interior Department") to respond to its request for disclosure of records related to Interior Secretary Ryan Zinke's use of non-commercial aircraft for any official travel since his confirmation on March 1, 2017, as well as records sufficient to show the amount of money budgeted for Secretary Zinke's travel.

2. This case seeks declaratory relief that the Interior Department is in violation of the FOIA, 5 U.S.C. § 552(a)(3) for failing to respond fully to CREW's request for records and for injunctive relief ordering defendant Interior Department to process and release to CREW immediately the requested records in their entirety.

**Jurisdiction and Venue**

3. This Court has both subject matter jurisdiction over this action and personal jurisdiction over the parties pursuant to 5 U.S.C. §§ 552(a)(4)(B) and 552(a)(6)(C)(i). The Court also has jurisdiction over this action pursuant to 28 U.S.C. §§ 1331, 2201(a), and 2202. Venue lies in this district under 5 U.S.C. § 552(a)(4)(B).

**Parties**

4. Plaintiff CREW is a non-profit, non-partisan organization organized under section 501(c)(3) of the Internal Revenue Code. CREW is committed to protecting the rights of citizens to be informed about the activities of government officials and agencies, and to ensuring the integrity of government officials and agencies. CREW seeks to empower citizens to have an influential voice in government decisions and in the government decision-making process through the dissemination of information about public officials and their actions. To advance its mission, CREW uses a combination of research, litigation, and advocacy. As part of its research, CREW uses government records made available to it under the FOIA.

5. Defendant Interior Department is an agency within the meaning of 5 U.S.C. § 552(f) and 5 U.S.C. § 701. Defendant has possession and control of the requested records and is responsible for fulfilling plaintiff's FOIA request.

**Statutory and Regulatory Background**

6. The FOIA, 5 U.S.C. § 552, requires agencies of the federal government to release requested records to the public unless one or more specific statutory exemptions apply.

7. An agency must respond to a party making a FOIA request within 20 working days, notifying that party of at least the agency's determination of which of the requested records

it will release, which it will withhold and why, and the requester's right to appeal the determination to the agency head.  5 U.S.C. § 552(a)(6)(A)(i).

8. In "unusual circumstances" an agency may delay its response to a FOIA request or appeal, but must provide notice and "the date on which a determination is expected to be dispatched."  5 U.S.C. § 552(a)(6)(B).

9. If the agency fails to comply with these time limits, a requester is deemed to have exhausted administrative remedies.  5 U.S.C. § 551(a)(6)(C)(i).

**Factual Background**

10. It has recently come to light that many agency heads have traveled extensively on non-commercial aircraft for official government travel, at a cost to the taxpayers of millions of dollars.  One cabinet head, Health and Human Services Secretary Tom Price, tendered his resignation after reports that he had taken numerous trips on private and government aircraft at a cost of over one million dollars, including a one-week period where he took private jets five separate times at costs that far exceeded the costs of commercial flights and broke with the practices of his predecessors.

11. Interior Secretary Ryan Zinke also created a public stir when news broke that in June after speaking to a new hockey team owned by a political donor, he had taken a private charter flight from Las Vegas to his home state of Montana on a plane owned by oil and gas executives, at a cost exceeding $12,000.  Secretary Zinke also flew on a non-commercial aircraft between two Caribbean islands, and on a bipartisan expedition to the Arctic Circle.  And while traveling for official business, Secretary Zinke attended at least two additional political fundraisers, including one to a ski resort.

12. When news of Secretary Zinke's frequent trips on private aircraft at taxpayer expense broke, he reportedly was unapologetic and called a suggestion that he had abused taxpayer resources "a little B.S." Nevertheless, the Interior Inspector General has launched an investigation into Secretary Zinke's travel. On November 15, 2017, the Office of Inspector General issued a "management advisory" stating that its "investigation has been delayed by absent, or incomplete documentation for several pertinent trips and a review process that failed to include proper documentation and accountability."

13. This is not the first time that Secretary Zinke's travel has been called into question. Prior to taking office, he is alleged to have used government resources for personal travel home, and he confirmed that he billed the government improperly for travel to his home in Montana while a midlevel SEAL Team 6 officer.

14. On September 21, 2017, CREW sent a FOIA request by email to the Interior Department's Office of the Secretary requesting two categories of records: (1) copies of all records concerning authorization for and the costs of Interior Secretary Ryan Zinke's use of non-commercial aircraft for any official travel since his confirmation on March , 2017, and (2) copies of all records sufficient to show the amount of money budgeted for the Secretary's travel in 2016, 2017, and 2018.

15. CREW sought a waiver of fee associated with processing its request. CREW explained the requested records likely will shed light on the extent to which Secretary Zinke has used government funds for travel and the justification for that use at a time of expected deep cuts to the federal budget.

16. By letter dated September 27, 2017, the Interior Department acknowledged receiving CREW's request, filed on September 21, 2017, and advised CREW the agency was in

the process of determining "whether or not your entitlements are sufficient to enable us to process your request[.]"

17.     The Interior Department's letter of September 27 also advised CREW it was "taking a 10-workday extension under 43 C.F.R. § 2.19," and placing CREW's request in the "Complex" processing track.  Notably, the Interior Department did not provide CREW with the date on which it expected to make a determination, as the FOIA requires.  5 U.S.C. § 552(a)(6)(B).

18.     On September 28, the Interior Department sent CREW another letter that provided a partial response to CREW's request.  Specifically, the agency provided CREW with one file consisting of one page containing some details of travel by Secretary Zinke on March 9-12, March 16-19, and May 1, 2017, all on commercial airlines.  The letter stated the Interior Department would continue to search for additional potentially responsive records and respond once all have been located.

19.     To date, CREW has not received any additional documents from the Interior Department, nor has CREW been advised that the agency has completed processing CREW's request.

## CAUSE OF ACTION

### Violation of the Freedom of Information Act for
### Wrongful Withholding of Agency Records

20.     Plaintiff repeats and realleges paragraphs 1-19.

21.     Plaintiff has exhausted the applicable and available administrative remedies with respect to defendant's processing of plaintiff's FOIA request.

22.     Defendant has wrongfully withheld the requested records from plaintiff by failing to comply with the statutory time limit for rendering a determination or response to plaintiff's FOIA request.

23.     Plaintiff is entitled to injunctive relief with respect to the release and disclosure of the requested documents.

## Requested Relief

WHEREFORE, plaintiff prays that this Court:

   A.  order defendant Interior Department to disclose the requested records in their entirety and make copies available to plaintiff, with all processing fees waived;

   B. issue a declaration that plaintiff is entitled to disclosure of the requested records;

   C.  provide for expeditious proceedings in this action;

   D.  award plaintiff its costs and reasonable attorneys fees incurred in this action; and

   E.  grant such other relief as the Court may deem just and proper.

Respectfully submitted,

_/s/ David L. Sobel_
DAVID L. SOBEL, D.C. Bar No. 360418
5335 Wisconsin Avenue, N.W.
Suite 640
Washington, DC 20015
(202) 246-6180

*Counsel for Plaintiff*

6